IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Zhejiang Medicine Co., Ltd.,** and **ZMC-USA L.L.C.,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:11-cv-1052 ) |
| **Kaneka Corporation,** | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiffs, Zhejiang Medicine Co., Ltd. and ZMC-USA L.L.C. (collectively "Plaintiffs"), for their Complaint for Declaratory Judgment against Defendant, Kaneka Corporation ("Kaneka" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 101, *et seq*.

## THE PARTIES

2. Plaintiff Zhejiang Medicine Co., Ltd. ("ZMC") is a Chinese corporation having a principal place of business at No. 268 Dengyun Rd., Hangzhou, Zhejiang, China. As part of its business, ZMC is involved in the research, development and manufacturing of pharmaceutical and nutritional ingredients and products, including CoQ10.

3. Plaintiff ZMC-USA L.L.C. ("ZMC-USA") is a Texas limited liability company having a principal place of business at 1776 Woodstead Court, Suite 215, The Woodlands, TX

77380-1480.  As part of its business, ZMC-USA is involved in the marketing and sale of pharmaceutical and nutritional ingredients and products, including coenzyme Q10 ("CoQ10").

4. On information and belief, Defendant Kaneka Corporation is a Japanese corporation having a principal place of business at 3-2-4, Nakanoshima, Kita-ku, Osaka, 530-8288, Japan.  Kaneka is engaged in the research, development, marketing, and sale of pharmaceutical and nutritional ingredients and products, including CoQ10.

## JURISDICTION AND VENUE

5. This is a civil action regarding allegations of patent infringement, patent invalidity and patent unenforceability arising under the patent laws of the United States, Title 35 of the United States Code, in which Plaintiffs ZMC and ZMC-USA seek declaratory relief under the Declaratory Judgment Act.  Thus, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202.

6. An actual controversy exists between Plaintiffs on the one hand and Defendant on the other concerning CoQ10.

7. Plaintiffs contend that they have the right to make, use, have made, sell, offer for sale and import coenzyme Q10, including but not limited to products such as Coenzyme Q10 98%, Coenzyme Q10 Powder 10% / 20% / 40% CWS and Coenzyme Q10 Powder 50% TAB, without license from Kaneka.

8. This Court has personal jurisdiction over Kaneka in that Kaneka conducts business, including selling products for distribution, throughout the United States including within the state of Texas and within this judicial district.  On information and belief, Kaneka, directly or through intermediaries (including affiliates, distributors, retailers, and others), manufactures, ships, distributes, offers for sale, sells, markets, promotes and advertises its products in the United States, the state of Texas and within this judicial district.  Furthermore, on

information and belief, Kaneka's products regularly enter the stream of commerce in the United States, the state of Texas and this judicial district. As a result, Kaneka purposefully avails itself of the privilege of doing business in the Southern District of Texas. Moreover, by doing business in the Southern District of Texas, Kaneka avails itself of the protections of the Southern District of Texas, and in turn, consents to jurisdiction in the Southern District of Texas.

9. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §§ 1391 and 1400.

## STATEMENT OF FACTS

10. On information and belief, Kaneka owns multiple United States patents, has filed multiple infringement suits in the United States to enforce those patents, and has negotiated settlement agreements relating to its patents that require its competitors to discontinue marketing their products in the United States.

11. On March 22, 2011, at midnight Eastern Daylight Time, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,910,340 (the "'340 Patent"), entitled "Processes for Improving Coenzyme Q10," to Kaneka, the assignee of the named inventors, Kazuyoshi Yajima, Takahisa Kato, Akihisa Kanda, Shiro Kitamura, and Yasuyoshi Ueda. On information and belief, Kaneka is the current assignee of the '340 patent.

12. On information and belief, in 2009, Kaneka sued manufacturers of reduced coenzyme Q10 in the Central District of California for infringement of a patent related generally to a reduced form of CoQ10 known as ubiquinol.

13. On or about October 2010, Kaneka filed legal proceedings seeking damages and injunctive relief in the Düsseldorf Regional Court of Germany against ZMC and its distributor, Kyowa Hakko – Europe, for patent infringement relating to European patent number 1,466,983.

14. On information and belief, European patent number 1,466,983 is a foreign counterpart to the '340 patent.

15. On information and belief, and according to a press release dated October 29, 2010 issued by Kaneka and posted on its website, Kaneka "has instituted further steps in its existing patent enforcement programme to enforce its proprietary rights in those countries in which its patents relating to coenzyme Q10 are in force.  An objective of this programme is to protect Kaneka's intellectual property rights in its coenzyme Q10 products."

16. The press release dated October 29, 2010 further quotes Mr. Yoshimi Uchida, General Manager of the QOL Division at Kaneka, as stating, "We will vigorously defend these rights [relating to coenzyme Q10] and immediately initiate court proceedings to enforce our intellectual property rights.  We are taking these steps to protect the results of our research and development and to avoid the unlawful use of Kaneka's innovations."

17. Plaintiffs filed this action after the '340 patent issued.  Therefore, this Complaint presents a justiciable case or controversy.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,910,340

18. Plaintiffs hereby repeat, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 17 above as though fully stated herein.

19. There is an actual controversy between ZMC and ZMC-USA on the one hand, and Defendant Kaneka on the other, as to whether Plaintiffs infringe any valid and enforceable claim of the '340 patent.

20. Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '340 patent.

21. Accordingly, ZMC and ZMC-USA seek a judgment declaring that they do not infringe and have not infringed, directly or indirectly, contributorily or by inducement, any claim of the '340 patent.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,910,340

22. Plaintiffs hereby repeat, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 21 above as though fully stated herein.

23. There is an actual controversy between ZMC and ZMC-USA on the one hand, and Defendant Kaneka on the other, as to the invalidity of the '340 patent.

24. The '340 patent is invalid for failure to comply with one or more of the requirements of patentability set forth in Title 35 of the United States Code or the rules, regulations and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

25. Accordingly, ZMC and ZMC-USA seek a judgment declaring that the claims of the '340 patent are invalid, unenforceable, void and of no legal consequence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment in their favor, including:

A. A declaration that ZMC and ZMC-USA have not infringed, and are not infringing, any valid and enforceable claim of the '340 patent;

B. A declaration that each of the claims of the '340 patent is invalid;

C. A declaration that the '340 patent is unenforceable, void and of no legal consequence;

D. An injunction prohibiting Kaneka and its officers, agents, employees and attorneys, and all those persons in active concert or participation with them,

from alleging infringement of the '340 patent by ZMC and ZMC-USA and their customers and distributors;

E. A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285;

F. An award of Plaintiffs' reasonable attorneys' fees, costs and expenses; and

G. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

BY:    s/ Trenton L. Menning
Trenton L. Menning
Attorney-in-Charge
State Bar No. 24041473
S.D. Tex. No. 934494
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Phone: 1-713-238-2621
Facsimile: 1-713-238-4621

Of Counsel:
Gary M. Hnath (*pro hac vice* to be filed)
Mayer Brown LLP
1999 K Street, N.W
Washington, DC  20006-1101
202-263-3000 (telephone)
202-263-5340 (facsimile)

ATTORNEYS FOR PLAINTIFFS
ZHEJIANG MEDICINE CO., LTD. AND
ZMC-USA L.L.C.