IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZHEJIANG MEDICINE CO., LTD., <br> And <br> ZMC-USA L.L.C. <br><br>         Plaintiffs, <br><br>         *v*. <br><br> KANEKA CORPORATION, <br><br>         Defendant. | CIVIL ACTION No. 4:11-CV-1052 (VDG) <br><br> **JURY TRIAL DEMANDED** |

**KANEKA CORPORATION'S ANSWER TO
ZHEJIANG MEDICINE CO. LTD. and ZMC-USA L.L.C.'S
FIRST AMENDED COMPLAINT**

Declaratory Defendant Kaneka Corporation ("Kaneka") files this answer to Declaratory Plaintiffs Zhejiang Medicine Co., Ltd. and ZMC-USA L.L.C. (collectively, "Plaintiffs") First Amended Complaint ("1st Amended Complaint").

1.    Kaneka admits that this action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, the patent laws of the United States of America, 35 U.S.C. § 101, *et. seq*., and the Lanham Act, 15 U.S.C. § 1125, but denies that this action arises under The Sherman Act, 15 U.S.C. § 2.

**THE PARTIES**

2.    Kaneka admits to the allegations set forth in Paragraph 2 of the 1st Amended Complaint to the extent that Plaintiff Zhejiang Medicine Co., Ltd. ("ZMC") is a Chinese corporation having its principal place of business at No. 268 Dengyun Rd., Hangzhou, Zhegiang,

China.  Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and denies the same.

3. Kaneka admits to the allegations set forth in Paragraph 3 of the 1st Amended Complaint to the extent that Plaintiff ZMC-USA L.L.C. ("ZMC-USA") is a Texas limited liability company having a principal place of business at 1776 Woodstead Court, Suite 215, The Woodlands, Texas, and that it has sold or offered to sell Coenzyme $Q_{10}$ within the United States. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and denies the same.

4. Admitted, except that Kaneka's principal place of business is at 2-3-18 Nakanoshima, Kita-Ku, Osaka, 530-8288, Japan.

## JURISDICTION AND VENUE

5. Kaneka admits to the allegations set forth in Paragraph 5 of the 1st Amended Complaint to the extent this is an action arising under the patent laws of the United States, Title 35 of the United States Code, regarding allegations of patent infringement, patent invalidity and patent unenforceability.  Kaneka also admits that Plaintiff ZMC and ZMC-USA seek declaratory relief under the Declaratory Judgment Act.  Kaneka also admits that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2201.  Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and denies the same.  Kaneka denies all allegations relating to the Sherman Act.

6. Admitted that the 1st Amended Complaint presents a justiciable case or controversy but denied that Plaintiffs have the right to make, use, have made, sell, offer for sale or import $CoQ_{10}$ which infringes upon Kaneka's U.S. Patent No. 7,910,340 ("the '340 patent", or "patent-in-suit").

7. Admitted.

8. Admitted.

## STATEMENT OF FACTS

9. Kaneka admits to the allegations set forth in Paragraph 9 to the extent that Kaneka is the owner of United States patents and it is involved in a number patent infringement suits in the United States. Kaneka also admits that in 2009 it sued one manufacturer of reduced $CoQ_{10}$ in the Central District of California. Kaneka denies each and every other allegation set forth in Paragraph 9 of the 1st Amended Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted that the claims of the '340 patent cover manufacturing processes for making oxidized $CoQ_{10}$ as interpreted by this Court on August 23, 2012 (Dkt.No. 93), but Kaneka denies the remaining allegations in Paragraph 16.

17. Denied.

18. Admitted that Kaneka filed lawsuits in Germany and California based upon reliable information and belief. The remaining allegations are denied.

19. Denied.

20. Admitted that Kaneka filed a Complaint in the ITC against Plaintiff on June 17, 2011. The remaining allegations are denied.

21. Admitted that Kaneka's former counsel, Attorney Dariush Adli ("Adli") sent letters to some of Plaintiffs customers ("Customer Letters"). The remaining allegations are denied.

22. Admitted that Adli sent letters containing language substantially similar to the language in Paragraph 22. The remaining allegations are denied.

23. Admitted that Adli sent letters containing language substantially similar to the language in Paragraph 23. The remaining allegations are denied.

24. Admitted that the ITC instituted an ITC investigation on July 14, 2011 and admitted that by instituting an investigation the ITC does not constitute an ultimate decision on the merits.

25. Admitted.

26. Admitted that Adli sent one or more versions of Customer Letters. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and denies same.

27. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies same.

28. Admitted that Adli previously represented Kaneka in various lawsuits and in the ITC investigation against Plaintiffs. Adli and his law firm, the Adli Law Group, were terminated by Kaneka on May 15, 2012. Kaneka and Adli are currently engaged in litigation in the Central District of California in which Kaneka has asserted numerous claims against the Adli Law Group and against Adli personally related to his representation of Kaneka.

29. Denied.

30. Admitted.

4

31. Admitted that Plaintiffs had provided Kaneka's predecessor counsel with a description of ZMC's manufacturing process but denied that ZMC's manufacturing process is not covered by the '340 patent.

32. Kaneka lacks knowledge or information sufficient to form a belief as to whether Adli complied with a valid Order from Judge Hughes while Judge Hughes had jurisdiction over Kaneka and denies that plaintiffs' process is not covered by the '340 patent.

33. Admitted that Adli dismissed case No. 4:1-cv-2250 on August 25, 2011. Kaneka is not required to answer questions relating to its discussions with its counsel concerning decisions made in this or other lawsuits and therefore denies same.

34. Denied.

35. Denied.

36. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and denies same.

37. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and denies same.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 7,910,340.

44. Kaneka incorporates by reference its responses to Paragraph 1 through 43 above as though fully stated herein.

45. Admitted.

46. Denied.

47. Kaneka admits to the allegations set forth in Paragraph 47 to the extent that Plaintiffs are seeking a declaratory judgment of non-infringement of the '340 patent. Kaneka denies the remaining allegations set forth in Paragraph 47.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF
## U.S. PATENT NO. 7,910,340.

48. Kaneka incorporates by reference its responses to Paragraph 1 through 47 above as though fully stated herein.

49. Admitted.

50. Denied.

51. Kaneka admits to the allegations set forth in Paragraph 51 to the extent that Plaintiffs are seeking declaratory judgment on invalidity and unenforceability. Kaneka denies the remaining allegations set forth in Paragraph 51.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 2

52-61. In an Opinion and Order dated August 13, 2012 (Dkt. No. 91), this Court dismissed Plaintiffs Third Cause of Action so no Answer is required for Paragraphs 52-61 of the 1st Amended Complaint.

## FOURTH CAUSE OF ACTION
## VIOLATION OF TEXAS BUSINESS AND COMMERCIAL CODE § 15.05(B)

62-66. In an Opinion and Order dated August 13, 2012 (Dkt. No. 91), this Court dismissed Plaintiffs Fourth Cause of Action so no Answer is required for Paragraphs 62-66 of the 1st Amended Complaint.

## FIFTH CAUSE OF ACTION
## PATENT MISUSE

67. Kaneka incorporates by reference its responses to Paragraphs 1-66 above as through fully stated herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## SIXTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

73-78. In an Opinion and Order dated August 13, 2012 (Dkt. No. 91), this Court dismissed Plaintiffs Sixth Cause of Action so no Answer is required for Paragraphs 73-78 of the 1st Amended Complaint.

## SEVENTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS

79-84. In an Opinion and Order dated August 13, 2012 (Dkt. No. 91), this Court dismissed Plaintiffs Fourth Cause of Action so no Answer is required for Paragraphs 79-84 of the 1st Amended Complaint.

**EIGHTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH CONTRACT**

85-91.	In an Opinion and Order dated August 13, 2012 (Dkt. No. 91), this Court dismissed Plaintiffs Fourth Cause of Action so no Answer is required for Paragraphs 85-91 of the 1st Amended Complaint.

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT**
**15 U.S.C. § 1125(A)(1)(B)**

92.	Kaneka incorporates by reference its responses to Paragraphs 1-91 above as though fully stated herein.

93.	Admitted that the Customer Letters stated Kaneka's contention that Plaintiffs infringed the '340 Patent.  The remaining allegations are denied.

94.	Denied as to the first two sentences in Paragraph 94.  Admitted that the ITC has no authority to recall or seize products in the possession of third parties.

95.	Admitted Adli stated in the Customer Letters that the ITC instituted the investigation based on the strength of Kaneka's Complaint.  The remaining allegations are denied.

96.	Denied.

97.	Denied that Plaintiffs do not infringe the '340 Patent as well as the remaining allegations in Paragraph 97.

98.	Denied.

99.	Denied.

100.	Denied.

101.	Denied.

102.	Denied.

103. Admitted.

104. Denied.

## TENTH CAUSE OF ACTION
### FALSE ADVERTISING UNDER THE TEXAS OCCUPATIONS CODE § 101-201

105- 117. ZMC voluntarily dismissed the Tenth Cause of Action (Dkt.No. 55) so no answer is required for Paragraphs 105-117.

### ELEVENTH CAUSE OF ACTION
### PRODUCT DISPARAGEMENT

118. Kaneka incorporates by reference its responses to Paragraphs 1-117 above as though fully stated herein.

119. Admitted that Kaneka stated Kaneka's contention that Plaintiffs infringe the '340 Patent in the Customer Letters but denied that this statement is false.

120. Admitted that the ITC has no authority to recall or seize products in the possession of third parties.  Admitted that Adli stated his then belief that the ITC investigation would be completed on or before May 2012.  The remaining allegations are denied.

121. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Adli's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

122. Denied.

123. Denied.

124. Denied.

125. Kaneka incorporates its response to Paragraph 121 above as though fully stated herein.

126. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and denies same.

127. Denied

128. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and denies same.

129. Admitted.

130. Denied.

## TWELFTH CAUSE OF ACTION
## BUSINESS DISPARAGEMENT

131. Kaneka incorporates by reference its responses to Paragraphs 1-130 above as though fully stated herein.

132. Admitted that Kaneka stated its contention that Plaintiffs infringe the '340 Patent in the Customer Letters but denied that this statement is false.

133. Admitted that the ITC has no authority to recall or seize products in the possession of third parties and Adli stated his then belief that the ITC investigation would be completed on or before May 2012. The remaining allegations are denied.

134. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Kaneka's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

135. Denied.

136. Denied.

137. Denied.

138. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Kaneka's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

139. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and denies same.

140. Denied

141. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and denies same.

142. Admitted.

143. Denied.

### THIRTEENTH CAUSE OF ACTION
### DEFAMATION: LIBEL

144. Kaneka incorporates by reference its responses to Paragraphs 1-143 above as though fully stated herein.

145. Admitted that Kaneka stated its contention that Plaintiffs infringe the '340 Patent in the Customer Letters but denied that this statement is false.

146. Admitted that the ITC has no authority to recall or seize products in the possession of third parties and that Adli stated his then belief that the ITC investigation would be completed on or before May 2012. The remaining allegations are denied.

147. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Adli's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

148. Denied.

149. Denied.

150. Denied.

151. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Adli's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

152. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and denies same.

153. Denied.

154. Denied.

155. Denied.

## FOURTEENTH CAUSE OF ACTION
### LIBEL *PER SE*

156. Kaneka incorporates by reference its responses to Paragraphs 1-155 above as though fully stated herein.

157. Admitted that Kaneka stated its contention that the Plaintiffs infringe the '340 Patent in the Customer Letters but denied that this statement is false.

158. Admitted that the ITC has no authority to recall or seize products in the possession of third parties and Adli stated his then belief that the ITC investigation would be completed on or before May 2012. The remaining allegations are denied.

159. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an ITC investigation, but denied that Kaneka's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

160. Denied.

161. Denied.

162. Denied.

163. Admitted that the ITC does not make an ultimate decision on the merits of a case when instituting an investigation, but denied that Kaneka's statement that the ITC instituted the investigation based on the strength of Kaneka's Complaint is false.

164. Kaneka lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and denies same.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

### RESPONSE TO PLAINTIFFS PRAYER FOR RELIEF

In response to Plaintiffs prayer for relief in the First Amended Complaint, Kaneka denies that Plaintiffs ZMC and ZMC-USA are entitled to an award of any relief against Kaneka, its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Kaneka.

### KANEKA'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

169. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## LACK OF UNLAWFUL OR UNFAIR CONDUCT

170. Plaintiffs' claims are barred as Kaneka has not engaged in any unlawful or unfair practices and Kaneka's conduct is privileged, performed in the exercise of an absolute right, proper and/or justified.

## THIRD AFFIRMATIVE DEFENSE
## GOOD MOTIVE – FAIR COMMENT

171. All statements and comments made by Kaneka about Plaintiffs or Plaintiffs' customers were made with good motive and were fair comments made by Kaneka when exercising its right of free speech.

## FOURTH AFFIRMATIVE DEFENSE
## TRUTH

172. Kaneka affirmatively asserts that all statements and comments by Kaneka about Plaintiffs or Plaintiffs' customers were true and thus cannot be the basis for Plaintiffs' claims against Kaneka.

## FIFTH AFFIRMATIVE DEFENSE
## LACK OF DAMAGE

173. No act or omission on the part of Kaneka either caused or contributed to whatever damages Plaintiffs may claim.

## SIXTH AFFIRMATIVE DEFENSE
## SUBSTANTIAL TRUTH

174. Plaintiffs' claims are barred under the substantial truth doctrine.

## COUNTERCLAIMS

Kaneka maintains its counterclaims asserted in its Original Answer and Counterclaim filed on July 13, 2012, Dkt.No. 9.

Date: December 20, 2012         RESPECTFULLY SUBMITTED

                                /s/ William F. Sondericker
                                William F. Sondericker
                                Keith D. Nowak
                                CARTER LEDYARD & MILBURN, LLP
                                Two Wall Street
                                New York, New York 10005
                                (212) 238-8610 (telephone)
                                (212) 732-3232 (facsimile)
                                Email: Nowak@clm.com
                                         Sondericker@clm.com


                                /s/ Robert M. Bowick
                                Robert M. Bowick, Jr.
                                John W. Raley
                                RALEY & BOWICK, LLP
                                1800 Augusta Drive
                                Suite 300
                                Houston, TX 77057
                                713-429-8050 (telephone)
                                713-429-8045 (facsimile)
                                Email: rbowick@raleybowick.com
                                         jraley@raleybowick.com

                                **ATTORNEYS FOR DECLARATORY-
                                DEFENDANT/COUNTERCLAIM-
                                PLAINTIFF KANEKA CORPORATION**


**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on December 20, 2012. Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

                                /s/ Robert M. Bowick
                                Robert M. Bowick

Case 4:11-cv-01052   Document 94   Filed in TXSD on 12/20/12   Page 15 of 15