

ROBERT M. BOWICK
RALEY & BOWICK LLP
1800 Augusta Drive, Suite 300
Houston, Texas 77057
(713) 429-8050
fax (713) 429-8045
direct (713) 429-8047
RBowick@RaleyBowick.com

June 6, 2013

Judge Vanessa D. Gilmore
515 Rusk Street, Room 9513
Houston, Texas 77002

Re: Civil Action No. 4:11-cv-1052; *Zhejiang Medicine Co., Ltd., et al v. Kaneka Corporation;* In the United States District Court for the Southern District of Texas, Houston Division

Dear Judge Gilmore:

Pursuant to L.R. 4(D)(2), and our conversation earlier today with your Case Manager, defendant Kaneka Corporation respectfully requests a hearing on, and permission to file, Kaneka's **Emergency Motion for Protection**. The motion is urgent and imperative because Plaintiffs Zhejiang Medicine Co., Ltd. and ZMC-USA L.L.C. (jointly "ZMC") have subpoenaed **Kaneka's former trial counsel** Dariush Adli and his firm, The Adli Law Group, demanding document production and deposition testimony on **June 7** and **June 20**, 2013, respectively.

The extremely wide-ranging ZMC subpoenas are grossly invasive of Kaneka's attorney-client and attorney work product privileges, and are therefore highly improper under Rule 26. Under these circumstances, Rule 26(c) permits Kaneka to seek a protective order denying the requested discovery.[1] Moreover, and as the Court is well aware, "federal courts have disfavored the practice of taking the deposition of a party's attorney." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999). The party seeking the deposition has the burden of proving its entitlement to the deposition, including proving that the information sought is ***non-privileged***. *See National Western Life Ins. Co. v. Western National Life Ins. Co.*, 2010 WL 5174366 (W.D. Tex., Dec. 13, 2010).

Kaneka has sought in good faith to resolve this discovery dispute without the Court's involvement, but discussions with plaintiffs' counsel have been unavailing.

Sincerely,

Robert M. Bowick

---

[1] The pendency of a fee dispute and legal malpractice action in California between Kaneka and Adli does not affect the analysis applicable here. "[T]he *mere institution of suit* against an attorney is insufficient to waive the attorney-client privilege as to third parties in a separate action that concerns the same subject matter as the attorney malpractice action." *Industrial Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992).

Judge Vanessa D. Gilmore
United States Courthouse
June 6, 2013
Page 2

## CERTIFICATE OF SERVICE

    This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per to the Local Rules on June 6, 2013.

LAW OFFICES OF VICTOR L. GEORGE
By: /s/ Victor L. George
By: /s/ Wayne C. Smith
Victor L. George, Esq.
Wayne C. Smith, Esq.
20355 Hawthorne Blvd., First Floor
Torrance, CA 90503
Tel: (310) 698-0990
Fax: (310) 698-0995

CARTER LEDYARD & MILBURN, LLP
By: /s/ Keith D. Nowak
Keith D. Nowak, Esq.
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232

RALEY & BOWICK, LLP
/s/ Robert M. Bowick Jr.
Robert M. Bowick Jr.
1800 Augusta Drive, STE 300
Houston, Texas 77057
Tel: (713) 429-8050
Fax: (713) 429-8045
E-mail: rbowick@raleybowick.com