**MAYER • BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Gary M. Hnath**
Direct Tel +1 202 263 3040
Direct Fax 202 2635340
ghnath@mayerbrown.com

June 11, 2013

Judge Vanessa D. Gilmore
515 Rusk Ave., Room 9513
Houston, Texas 77002

Re:   Case No. 4:11-cv-1052; Zhejiang Medicine Co.,
      Ltd., et al. v. Kaneka Corp.

Dear Judge Gilmore:

We write on behalf of Zhejiang Medicine Co., Ltd. and ZMC-USA L.L.C. ("ZMC") in response to Mr. Robert Bowick's June 6, 2013 letter to the Court on behalf of Defendant Kaneka Corporation [Dkt. No. 111]. Kaneka has known about the subpoenas-at-issue since May 15, 2013, when notice of the subpoenas (along with the subpoenas themselves) was served on Kaneka. Kaneka does not explain why it waited more than three weeks to approach the Court to seek "emergency" relief. Moreover, the relief Kaneka seeks through its Emergency Motion is duplicative of the relief sought via a "Motion to Quash and for Protection" which Kaneka filed on June 6, 2013 in the Central District of California (the district in which the subpoenas issued). Kaneka should not be permitted to get two bites at the same apple.

Kaneka states that the subpoenas are "extremely wide-ranging" and "grossly invasive of Kaneka's attorney-client and attorney work product privileges" without addressing the content of the subpoenas themselves. Dr. Adli personally signed and sent hundreds of letters to the trade accusing ZMC of infringement and urging customers to take ZMC's product off the shelf. Those letters are at the heart of ZMC's claims in this matter. As is sought by ZMC's subpoenas, ZMC is entitled to non-privileged information regarding those letters and any follow-up communications with *third parties*, as well as *factual* information regarding the basis for Dr. Adli's claims of infringement against ZMC, whether any investigation regarding infringement by ZMC took place, and who conducted such investigation. ZMC also seeks documents and communications between Kaneka and Dr. Adli *in the context of their adversarial relationship in their litigation against each other*. No privilege applies to these topics. The requests in the subpoenas are narrowly tailored to avoid privileged information, and therefore the subpoenas are proper. Accordingly, Kaneka's request for permission to file an "Emergency" Motion for Protection should be denied.

Respectfully yours,

/s/ Gary M. Hnath
Gary M. Hnath

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Judge Vanessa D. Gilmore
June 11, 2013
Page 2

## CERTIFICATE OF SERVICE

    I certify that on the 11th day of June, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

By:    /s/ Gary M. Hnath
        Gary M. Hnath

706724978.1